UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80103-Civ-Marra/Johnson

BERYL A. MASON

    Plaintiff

vs.

COLE, SCOTT & KISSANE,
P.A.

    Defendant.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 2]. The Court has reviewed the motion, the Court file and is otherwise fully advised in the premises.

## Introduction

Plaintiff filed her complaint in the Circuit Court of Palm Beach County, Florida. Plaintiff was employed by Defendant law firm from September 2005 until she was terminated in April 2006. She began employment as a word processor and was later promoted to legal secretary on or about February 2006. Following her termination, she filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging she overheard numerous derogatory comments during her employment and claiming she was terminated based upon her race. DE 1.

By reference and attachment of the EEOC charge of discrimination,[1] the complaint alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Defendant removed this action to federal court and moved to dismiss the complaint. The Court ordered the parties to confer and file a joint scheduling report. Plaintiff moved for a stay or extension of time to respond to the motion to dismiss. The Court granted the motion for extension of time and denied the stay. Plaintiff has never responded to the motion to dismiss. Nonetheless, the motion to dismiss has no merit and will be denied.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to

---

[1] Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  A court reviewing a motion to dismiss must remember that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)).

When a litigant is pro se, the Court should afford the pro se litigant wide leeway in pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979).  However, pro se litigants must satisfy essential burdens.  *See, e.g., Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir.), *cert. denied*, 500 U.S. 933 (1991).

## Discussion

Defendant is a "full-service law firm, incorporated in the state of Florida, with offices located in Miami, West Palm Beach, Tampa, Key West, Ft. Lauderdale, Jacksonville and Naples, Florida." DE 2 at 1.  For that reason the Court was surprised and disappointed to see Defendant's motion argued upon the wrong legal standard.  Instead of attempting to challenge whether the complaint states a valid cause of action, the only attack legally possible at this stage, Defendant mounts an

attack on the merits.  This line of argument is completely inappropriate at the motion to dismiss stage and as a law firm, the Defendant should know better.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Defendant argues that the Plaintiff has failed to establish a prima facie case of discrimination by failing to show that (a) Defendant treated similarly situated employees outside of the protected class more favorably, and by not showing that (b) she was qualified to do the work.[2]  While these two elements are required in order to establish a prima facie case by circumstantial evidence of discriminatory intent, these factors go to the merits of the case and are considered at the motion for summary judgment stage or at trial.

"The prima facie case ... is an evidentiary standard, not a pleading requirement . . ." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).  The

---

[2]  Also, Defendant cites, among other cases, to *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306 (11th Cir. 1998).  The district court in *Jones* granted a motion for judgment as a matter of law.  That case was in a more advanced procedural posture than this case and the court did not address issues regarding the adequacy of the complaint. Moreover, *Jones* is no longer good authority for at least one point of law.  The Eleventh Circuit issued a subsequent order striking altogether part B. of that opinion and replaced it with a new part B., conclusion, and appendix.  *See Jones v. Bessemer Carraway Medical Center*, 151 F.3d 1321, 1322 (11th Cir. 1998).  Defendant failed to note this fact in its brief.

Supreme Court "has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy to survive a motion to dismiss ...  Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Id.* at 510-512.

This case is at the motion to dismiss stage, where the Court is limited to the four corners of the complaint in considering whether Plaintiff has stated a claim on which relief can be granted.  A race discrimination plaintiff need not set forth the elements of a prima facie case at the initial pleading stage; rather, because racial discrimination in employment is a claim upon which relief can be granted, "I was fired from my job because of my race" is all a complaint has to say to survive a motion to dismiss for failure to state a claim.  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000).  The pro se Plaintiff has done so in this case.  The Complaint will not be dismissed.

The parties have failed to comply with this Court's order to confer and file a joint scheduling report.  This must be done.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint **[DE 2] is DENIED**.  The parties are hereby commanded to confer and file a joint scheduling report on or before June 6, 2008.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of May, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Beryl A. Mason, pro se